# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW G. FALKNER<br>2045 N. Larrabee St. – Apt. 7204<br>Chicago, IL 60614<br><br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDFLEX TRAFFIC SYSTEMS, INC.<br>23751 N, 23rd Ave, Ste 150<br>Phoenix, Arizona 85085<br><br>also serve:<br><br>c/o Statutory Agent<br><br><br>And<br><br>REDFLEX HOLDINGS LTD<br>31 Market Street<br>South Melbourne<br>Victoria, Australia 3205<br><br><br><br><br><br>Defendants. | CASE NO:<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)**<br><br>Thomas J. Connick (0070527)<br>tconnick@dctblaw.com<br>DUBYAK CONNICK SAMMON THOMPSON & BLOOM, LLC<br>3401 Enterprise Parkway, Suite 205<br>Cleveland, Ohio 44122<br>PH: 216.364.0500 \| FX: 216.364.0505<br><br>Edward W. Cochran (0032942)<br>edwardcochran@wowway.com<br>20030 Marchmont Road<br>Shaker Heights, Ohio 44122<br>PH: 216.751.5546<br><br>Thomas C. Cronin<br>CRONIN & CO., LTD.<br>tcc@cronincoltd.com<br>161 North Clark Street, Suite 2550<br>Chicago, IL 60601<br>PH: 312.201.7100<br><br>*Attorneys for Plaintiff* |

Plaintiff Matthew Falkner, individually and as class representative for class of similarly situated individuals, alleges as follows:

## INTRODUCTION

1. Plaintiff, on behalf of himself and Class of similarly situated persons defined below, brings this suit to seek redress for unjust enrichment. In approximately 2010, a whistle-blower – a Redflex executive – reported that an improper relationship between Redflex consultants and City of Chicago officials, wherein Redflex officials bribed City of Chicago officials to secure the lucrative City of Chicago Red Light Camera contract. Redflex has since admitted this wrong doing, even characterizing it as a "protracted and covert scheme" in court documents filed by Redflex against its former offending executives. The City of Chicago contract was Redflex's largest contract in North America, and provided Redflex in excess of $100 million dollars in revenue since 2003, out of the approximate $500 million dollars in ticket revenue realized by the City of Chicago between 2003-2012. This represented approximately 13% of Redflex's world-wide revenue. According to the Chicago Sun Times, The City of Chicago has approximately 384 red-light cameras. Tickets issued from the Red Light camera system carry a fine of $100. A portion of that fine goes to Redflex, which since 2003 accounted for the aforementioned $100 million (+) dollars in revenue. Both Redflex and the City of Chicago have recognized that the Redflex contract with the City of Chicago was secured through corrupt behavior by, in part, Redflex former executives. As such, Redflex's $100 million (+) dollars in revenue since 2003 generated under the corrupt contract represents ill-gotten gains that have unjustly enriched Redflex to the detriment of Plaintiff and the putative Class, and should be disgorged.

## PARTIES

2. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

3. Plaintiff Falkner is and has been, at all relevant times, a citizen and a resident of Chicago, Illinois. On or about January 19, 2013, Plaintiff received a ticket as a result of the City of Chicago Red Light Camera System, was issued a fine and paid the fine, a portion of which, upon information and belief, went to Redflex as revenue under the corrupt contract with the City of Chicago. A copy of Plaintiff's Red Light Ticket is attached hereto as **Exhibit A**.

4. Defendant Redflex Traffic Systems, Inc., is a foreign corporation authorized to do business, and at all relevant times discussed herein, was doing business, in Illinois and in Cook County. At all relevant times herein Redflex Traffic Systems, Inc. installed Red Light Cameras and operated automated traffic enforcement systems in several Illinois municipalities, including the City of Chicago, pursuant to various contracts and agreements. It collected revenue from Red Light Camera violations.

5. Defendant Redflex Holdings Limited is a publicly traded Australian Company and the corporate parent of Redflex Traffic Systems, Inc.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331. This Court has jurisdiction over Defendants because they do and/or have, at all relevant times herein, conducted business in Illinois and/or the improper conduct alleged in the Complaint occurred in, was directed from, and/or emanated or exported from Illinois.

7. This Court also has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## ALLEGATIONS – GENERAL AS TO ALL COUNTS

9. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

10. Since approximately 2003 Redflex has installed and operated the Red Light Camera System in the City of Chicago.

11. In approximately 2010, a whistle-blower, an executive at Redflex, reported an improper relationship between various Redflex consultants and City of Chicago officials that involved bribery in order for Redflex to secure the Red Light Camera System contract with the City of Chicago.

12. In approximately 2012, the Chicago Tribune engaged its own investigation into the aforementioned improprieties surrounding the procurement of the City of Chicago Red Light Camera System contract, and confirmed that Redflex representatives did, in fact, bribe City of Chicago officials in order to secure the City of Chicago Red Light Camera System contract.

13. The City of Chicago Red Light Camera System contract was Redflex's largest North American contract, representing approximately 13% of Redflex's world-wide revenue.

14. Since 2003, the City of Chicago has received approximately $500 million in ticket revenue from the general public's violations under the City of Chicago Red Light Camera System. Of that amount, Redflex has enjoyed the unjust benefit of approximately $100 million dollars.

## CLASS ALLEGATIONS

15. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

16. Plaintiff brings this Complaint as a class action pursuant to Fed. Civ. R. Proc. 23(B)(3). Plaintiff seeks to represent one Class comprised of:

> All persons that were issued a Red Light Camera Ticket in Chicago, Ill from 2003 to the present and paid the associated fine.

17. **Numerosity.** Upon information and belief, hundreds of thousands of persons were issued Red Light Camera tickets between 2003 to present and paid the associated fine, of which a portion went to Redflex as revenue. As such, the Class consists of individuals so numerous that joinder of all members is impracticable. The <u>exact number</u> of persons in the Class (as well

as their names, addresses and phone numbers) can be determined from Defendant's business records and/or records maintained by the City of Chicago.

18. **Common Questions of Law and Fact.** The questions of law and fact are the <u>same</u> for all Class members, and such questions predominate over questions affecting Plaintiffs or other individual members, including, but not limited to:

    a. Whether Defendants received ill-gotten gains of approximately $100 million as its portion of the revenue from the illegally secured Red Light Camera Ticket System contract with the City of Chicago;

    b. Whether Defendants unjustly retained an approximately $100 million benefit;

    c. Whether said retention of $100 million constitutes a detriment to the class of plaintiffs asserted herein;

    d. Whether or not Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience;

19. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Class in that they all arise from Defendants' unjust retention of ill-gotten gains (revenue) secured through illegal means. All claims are based on the same facts and the same legal theories. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to this Plaintiff.

20. **The Plaintiff Will Fairly and Adequately Protect the Class.** Plaintiff will adequately represent and protect the interests of the Class because his interests in the litigation are not antagonistic to the interests of the other members of the Class, and Plaintiff has retained competent class counsel with years of experience in class action litigation.

21. The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the Class that would establish incompatible standards of conduct for Defendant.

22. The prosecution of separate actions by each member of the Class would also create a substantial risk of adjudication with respect to individual members of the Class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

24. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### UNJUST ENRICHMENT

25. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

26. Through a criminal scheme of bribery, Defendants secured the contract with the City of Chicago to install, manage and operate the Red Light Camera Ticket System in Chicago.

27. The object and intention of the bribery scheme was not only to secure said contract, but also assure certain terms in the contract favorable to Defendants. The most important such contractual term, and the primary object of the bribery, was a provision setting the amount from each red light ticket paid by a class member that would be paid to Defendants. As a direct result of the bribery scheme, Defendants were able to contractually retain approximately 20-25% of all "ticket revenue" generated by tickets paid by class members.

28. Each time a class member paid a ticket, a portion of his payment was "earmarked" to be paid to Defendants pursuant to the bribery-obtained contract.

6

29. That portion of the contract setting the payment to Defendants was, and is, *void ab initio* as a result of public bribery.

30. The portion of the "ticket amount" illegally paid to Defendants came directly from the cash and/or checking accounts of class members. Therefore, the approximate $100 million retained by Defendants caused an equal $100 million detriment to the class members.

31. As the contract was obtained/induced solely by bribery of a public official (and *void ab initio*), Defendants are not equitably or contractually entitled to recover its costs of installing and operating the camera system. For the same reasons, Defendants are not entitled legally or equitably to retain any of the profits they realized from the revenue generated by the camera system.

32. Redflex breached the public trust by securing the City of Chicago Red Light Camera Ticket System contract through illegal means, i.e. bribery, to the detriment of Plaintiff and the putative Class.

33. By their actions in taking and withholding said monies Plaintiff and the putative Class conferred a benefit upon the Defendants, and Defendants are aware of such benefit.

34. By Defendants' improper and wrongful taking and withholding of the Plaintiff's and the putative Class' monies, Defendants were and are financially unjustly enriched by $100 million, causing an economic detriment of $100 million to the Plaintiff and putative Class.

35. Defendants' retention of said benefit violates the fundamental principles of justice, equity, and good conscience.

36. Moreover, Plaintiff and the putative Class seek a remedy wherein Defendants are required to refund, its ill-gotten gains.

37. Defendants have been enriched, and it would be unjust for Defendants to retain the enrichment, which they secured through illegal and improper means. As such, Defendants must be ordered to pay restitution and disgorge the ill-gotten gains.

38. Under Illinois law, a claim for unjust enrichment is proper and properly pled as an independent cause of action.

39. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff and the putative Class have suffered a detriment in an amount estimated to be approximately $100 million dollars, and to be determined more precisely at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Class of similarly situated individuals, respectfully requests that the Court grant the following relief:

A. An Order certifying the Class as defined above;

B. An Order appointing Plaintiff as the lawful and adequate representative of the Class;

C. An Order appointing undersigned counsel as counsel for the Class;

D. Judgment against Defendants for compensatory damages in excess of Twenty Five Thousand Dollars ($25,000.00) to Plaintiffs and the Class pursuant to Civ. R. 23(B)(3);

E. An Order against Defendants establishing a Constructive Trust into which all ill-gotten gains taken and withheld by Defendants secured by illegal means be disgorged;

F. An Order against Defendants for restitution to prevent unjust enrichment;

G. Judgment against Defendants for reasonable attorneys' fees, interest, and costs as permitted by law;

H. Any other or further relief which the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury as to all issues in this case.

Respectfully submitted,

/s/ Thomas J. Connick
Thomas J. Connick, Esq. (0070527)
DUBYAK CONNICK SAMMON THOMPSON
AND BLOOM, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, Ohio 44122-7341
PH: (216) 364-0500 | FX: (216) 364-0505
Email: tconnick@dctblaw.com

/s/ Edward W. Cochran
Edward W. Cochran, Esq. (0032942)
20030 Marchmont Road
Shaker Heights, Ohio 44122
T: (216) 751-5546
Email: edwardcochran@wowway.com

/s/ Thomas C. Cronin
Thomas C. Cronin
CRONIN & CO., LTD.
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
Cook County No.: 37287
T: (312) 201-7100
Email: tcc@cronincoltd.com

*Attorneys for Plaintiff*



# CAMERA ENFORCEMENT VIOLATION
City of Chicago Department of Revenue
Search & Pay For Your Tickets On-Line @
cityofchicago.org/revenue
312.744.PARK (7275)  312.744.7277 (TTY - For Hearing Impaired)



Notice Date: 02/10/13
Notice Number: 5159246890

0000

I GOT A NOTICE – NOW WHAT?



NISSAN INFINITI LT LSR
FALKNER LSE, MATTHEW G
2045 N LARRABEE ST APT 7204
CHICAGO    IL    60614-4405

**YOU MUST PAY OR CONTEST BY** ⬇

## VIOLATIONS

| TICKET NUMBER | PLATE/STATE/TYPE/ VEHICLE MAKE | LOCATION DATE & TIME | VIOLATION CODE AND DESCRIPTION | FINE AMOUNT | TOTAL AMOUNT DUE | PAY OR CONTEST BY DATE |
|---|---|---|---|---|---|---|
| 7004508895 | L476543 IL PAS OTHR | 7600 S STONY ISLAND A 01/19/13 11:10 | 9102020 RED LIGHT VIOLATION | $100 | $100.00 | 02/24/13 |

9771  This Red-Light Violation is a photographic record obtained by a traffic control signal monitoring device. Please note, the vehicle identified above bears a license plate registered or leased in your name. All registered owners appearing on the license plate registration or lessees, if applicable, are legally responsible for this violation. If you believe the license plate displayed in the photo above is not registered to you, please call 312.744.PARK(7275). For information regarding hearing requests, please see the reverse side of this notice.

TOTAL FOR THIS PAGE  $100.00

**TO ENSURE PROPER POSTING OF YOUR PAYMENT, THIS PAYMENT STUB MUST BE ENCLOSED.**

---

NISSAN INFINITI LT LSR
FALKNER LSE, MATTHEW G
2045 N LARRABEE ST APT 7204
CHICAGO    IL    60614-4405

Notice Date: 02/10/13
Notice Number: 5159246890

TOTAL AMOUNT DUE

$100.00
REFLECTS PAYMENT AS OF:
02/03/13

TO ENSURE PROPER CREDIT PLEASE RETURN THIS STUB WITH YOUR PAYMENT

Please fill in the PAY circle if you would like to pay this ticket... PAY → ○
OR
You may choose to request a hearing by choosing one of the options below:

| TICKET# | CONTEST BY MAIL | IN-PERSON HEARING |
|---|---|---|
| 7004508895 | ○ | ○ |

PLEASE:
- DO NOT send cash
- DO NOT fold the payment stub
- DO NOT staple the check or money order to the payment stub

EXHIBIT
A

7004508895800010000

**City of Chicago Department of Finance**
www.cityofchicago.org/finance
P.O. Box 6289, Chicago, Illinois 60680-6289
(312) 744-PARK (7275); (312) 744-7277 TTY (If Hearing Impaired)

Monday, June 2, 2014

NISSAN INFINITI LT LSR
2045 N LARRABEE ST APT 7204
CHICAGO, IL 60614-4405

Dear Motorist:

Re:
Vehicle Information: L476543
Ticket Number(s): 7004508895

Thank you for your inquiry regarding the parking ticket(s) referenced above. The copy of the parking ticket you requested is attached.

You can pay your tickets on-line at <www.cityofchicago.org/finance>. Alternatively, you may remit payment and a copy of this letter to:

City of Chicago Department of Finance
P.O. Box 6289
Chicago, IL 60680-6289

Please include the ten (10) digit ticket number(s) on your check(s) or money order(s). Payments identifying only license plate number(s) or notice number(s) will be processed in accordance with the Department's payment hierarchy criteria, should you have multiple tickets. Please do not send cash. Any applicable penalties may be assessed, so please remit your payment immediately. You must remit payment in person if your vehicle has been seized or your driver's license has been suspended.

Again, thank you for your inquiry. Should you require additional information, including the locations of our conveniently located payment processing centers, please visit us on-line at <www.cityofchicago.org/finance> or call the City of Chicago's ticket help line at 312.744.PARK (7275).

City of Chicago - Department of Finance
File: Copy of Parking Ticket/70

**Search & Pay For Your Tickets On-Line**
www.cityofchicago.org/finance



Home  Pay Online Now

  

Click Image to Enlarge



CG S176 02   00:12/00:13

**Citation Number:** 7004508895
**License Plate:** L476543   **State:** IL
**Violation Date:** Jan 19, 2013 11:10:37
**Location:** 7600 South Stony Island Avenue

PD: $244⁰⁰

**Note:** Some computers/networks block streaming videos. These are typically government, libraries, schools and some companies.

Due to formatting constraints this video is a representation of the original evidence and is not intended for court purposes.

The video you are viewing on this website is provided as a courtesy and convenience to you. The video is in no way purported to be a true and correct copy of evidence that will be presented in court.

The format has been modified to provide a higher level of security and as a result may display slightly different than the original captured video.

If you do want to view the original video please contact the citing agency located on your notice and follow the instructions for viewing the evidence from their location.

http://www.chicagophotociteweb.com/ChicagoRLDetailsFLV.asp         5/30/2014



# City of Chicago

- Contest a Ticket
- Payment Plans
- Ticket Copies
- View Parking Ticket Photos
- View Red-light Video
- View Speed Camera Video
- Customer Survey

Pay or Search for Parking, Red Light & Automated Speed Enforcement Tickets Online

Print Version

### Search Criteria

| Driver's License Number | Driver's License State |
|---|---|
| F42554783214 | IL |

### Search Results as of 05/30/2014

Please click the Check To Pay box for each ticket below that you wish to pay. All tickets marked with an ⬥ in the Check to Pay box are ineligible for payment via the web. Please contact the City of Chicago's ticket helpline with any questions or concerns @ 312.744.PARK (7275).

Please note, results are based on the information you entered from the search option you chose. All your tickets may not be displayed below. You may need to do multiple searches to retrieve all of your tickets. For example, a driver's license number search will only retrieve those ticket records containing a driver's license number as recorded by the Illinois Secretary of State on your plate registration. If your plate registration does not include a driver's license number, you will need to search using another option by clicking the Search for Tickets button below.

Click on the Ticket Status for additional information about your ticket(s).

| Check To Pay | Ticket Number | Violation Description | License Plate | State | Issue Date | Ticket Amount | Click Below For Ticket Status |
|---|---|---|---|---|---|---|---|
| ⬥ | 9057813490 | Street cleaning or special event | DNE7314 | OH | 9/23/2005 | $0.00 | Paid |
| ⬥ | 9065563992 | Residential permit parking | DNE7314 | OH | 9/16/2006 | $0.00 | Paid |
| ⬥ | 9058125179 | Residential permit parking | DNE7314 | OH | 9/26/2006 | $0.00 | Paid |
| ⬥ | 9058161865 | Street cleaning or special event | DNE7314 | OH | 11/14/2006 | $0.00 | Paid |
| ⬥ | 9058255224 | Residential permit parking | DNE7314 | OH | 4/12/2007 | $0.00 | Paid |
| ⬥ | 9066206669 | Residential permit parking | DNE7314 | OH | 4/16/2007 | $0.00 | Paid |
| ⬥ | 9066220393 | Residential permit parking | DNE7314 | OH | 5/5/2007 | $0.00 | Paid |
| ⬥ | 9066278579 | Residential permit parking | DNE7314 | OH | 7/21/2007 | $0.00 | Paid |
| ⬥ | 9180882289 | Rear and front plate required | X977034 | IL | 5/17/2011 | $0.00 | Paid |
| ⬥ | 9180859560 | Rear and front plate required | X977034 | IL | 5/20/2011 | $0.00 | Paid |
| ⬥ | 0061379797 | Residential permit parking | L476543 | IL | 6/26/2012 | $0.00 | Paid |
| ⬥ | 0061011238 | No standing/parking time restricted | L476543 | IL | 12/9/2012 | $0.00 | Paid |
| ⬥ | 9183383625 | Residential permit parking | L476543 | IL | 12/19/2012 | $0.00 | Paid |
| ⬥ | 7004508895 | Red light violation | L476543 | IL | 1/19/2013 | $0.00 | Paid |
| ☐ | 0062847456 | Street cleaning | L476543 | IL | 6/26/2013 | $122.00 | Notice of Final Determination |