IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATHHEW G. FALKNER, on behalf of Himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:14-cv-05459 |
| v. | ) ) | Hon. Amy J. St. Eve |
| CITY OF CHICAGO, REDFLEX TRAFFIC SYSTEMS, INC., REDFLEX HOLDINGS, LTD., XEROX STATE AND LOCAL SOLUTIONS, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) ) ) ) ) | Hon. Mag. Mary M. Rowland |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes Plaintiff Matthew Falkner, individually and as class representative for class of similarly situated individuals, by his undersigned counsel and alleges as follows:

**INTRODUCTION**

1.  Plaintiff, on behalf of himself and a Class of similarly situated persons defined below, brings this suit to seek redress for unjust enrichment. Between April, 2003 and the present, Defendant City of Chicago (the "City") contracted with a the other Defendants (collectively, the "Vendors") to operate Red Light Camera systems ("RLCs") within the City of Chicago that have resulted in the issuance of more than 5 million red light violation citations (the "Citations") that have produced revenues in excess of $520,000,000.00 that, after having been paid to the City, were shared by Defendants.

2.  With regard to each of the Citations, the photographic, video and data evidence gathered by the RLCs have been reviewed exclusively by at least two of the Vendors in a process called "Digital Image Verification" by which the Vendors determine, in their own discretion,

whether any violation of the City's Municipal Code has occurred. Each of the Citations has been issued based solely on the Vendors' evidentiary review without the participation or monitoring by any member of a law enforcement agency.

3. The City's hiring of the Vendors to exclusively perform Digital Image Verification and to issue Citations without the involvement of any sworn member of any law enforcement agency to determine whether a violation of law in fact occurred constitutes an unlawful and unconstitutional delegation of the City's power to determine whether a violation of law has occurred (the "Police Power") to private, for-profit, organizations, namely Defendants.

4. The Illinois General Assembly passed a statute purporting to authorize a "technician employed or contracted by the municipality" to perform digital image verification services for the City and for Citations to be issued without the involvement of any sworn member of a law enforcement agency. 625 ILCS 5/11-208.3(b)(3) ("Act").

5. Because the Act authorizes the City to contract with private parties, such as the Vendors, to determine whether its laws have been violated and to issue Citations on the City's behalf for such ordinance violations, the Act condones an unconstitutional delegation of Police Power to a private party and is itself unconstitutional.

## PARTIES

6. Plaintiff Falkner is and has been, at all relevant times, a citizen and a resident of Chicago, Illinois. On or about January 19, 2013, Plaintiff received a ticket as a result of the City of Chicago Red Light Camera System, was issued a fine and paid the fine, a portion of which, upon information and belief, went to Redflex as revenue under the contract with the City of Chicago. A copy of Plaintiff's Red Light Citation is attached hereto as **Exhibit A**.

7. Defendant Redflex Traffic Systems, Inc. ("Redflex"), is a foreign corporation authorized to do business, and at all relevant times discussed herein, was doing business, in Illinois

and in Cook County. Between approximately April, 2003 and in or about February 24, 2014, Redflex installed RLC's and operated automated traffic enforcement systems in the City pursuant to various contracts and agreements.

8. Defendant Redflex Holdings Limited is a publicly traded Australian Company and the corporate parent of Redflex Traffic Systems, Inc.

9. Defendant Xerox State and Local Solutions, Inc. ("Xerox") is a foreign corporation authorized to do business, and at all relevant times discussed herein, was doing business, in Illinois and in Cook County. In or about October, 2013, Xerox was hired by the City to replace Redflex as the City's primary RLC vendor. By in or about February 24, 2014, the transition to Xerox operating the City's RLC's was essentially complete.

10. Defendant International Business Corporation ("IBM") is a foreign corporation authorized to do business, and at all relevant times discussed herein, was doing business, in Illinois and in Cook County. At all relevant times, IBM performed secondary review of the evidence presented to it by either Redflex or Xerox to verify that the evidence supported the issuance of a Citation and undertook other acts to cause a Citation to issue.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331. This Court has jurisdiction over Defendants because they do and/or have, at all relevant times herein, conducted business in Illinois and/or the improper conduct alleged in the Complaint occurred in, was directed from, and/or emanated or exported from Illinois.

12. This Court also has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d).

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ALLEGATIONS – GENERAL AS TO ALL COUNTS**

14. Between 2003 and February 2014, Redflex installed and operated RLCs in the City pursuant to contracts with the City.

15. Since at least February 2014, Xerox has installed and operated RLCs in the City pursuant to contracts with the City.

16. The contracts between the City and Redflex and Xerox, respectively, called for the Vendor Defendant to make an initial review of the evidence captured by the RLC to determine whether a violation of law (a "Prospective Violation") had occurred.

17. In each instance, the respective Vendor Defendant was called upon to determine in its own discretion whether or not the images of a specific incident captured by an RLC showed a violation of law.

18. The Redflex contracts with the City require that at least 85% of the Prospective Violation data submitted by Redflex for further review and processing must show an enforceable ordinance violation. Redflex was subject to liquidated damages if it failed to meet this requirement.

19. The Xerox contracts with the City require that at least 90% of the Prospective Violation data submitted by Xerox for further review and processing must show an enforceable ordinance violation. Xerox is subject to liquidated damages if it fails to meet this requirement.

20. The images deemed by either Redflex or Xerox to show a Prospective Violation were then forwarded by those respective Vendor Defendants to IBM for further review.

21. Throughout the relevant time period, IBM has reviewed approximately 500,000 Prospective Violations per year for the City. IBM is under contract to the City's Department of Finance for this work.

22. If the IBM employees who perform these review services concur with the judgment of the Vendor Defendant who sent them the Prospective Violation that a violation of a City

ordinance is in fact shown, IBM then (i) uploads data concerning the violation to the City's Department of Finance, (ii) sends a request to the Illinois Secretary of State to obtain the name and address of the registered owner matching the license plate number shown by the RLC photographic images and (iii) upon receipt of the owner's identification information, IBM sends the information required to prepare and issue the Citation to a printing vendor, who uses that information to prepare and issue the Citation.

23. On information and belief, none of the Redflex, Xerox or IBM employees who perform the above described services for the City and who thereby determine whether a violation of law has occurred are sworn members of any law enforcement agency.

24. On information and belief, no sworn member of any law enforcement agency played any role whatsoever in determining whether or not a Citation issued by the above described process to a Class member was the result of an actual violation of law. All of those determinations were made exclusively by private parties: the Vendor Defendants.

## CLASS ALLEGATIONS

25. Plaintiff brings this Complaint as a class action pursuant to Fed. Civ. R. Proc. 23(B)(3). Plaintiff seeks to represent one Class comprised of:

> All persons that were issued a Red Light Camera Citation in Chicago, Illinois from 2003 to the present and who paid the associated fine.

26. **Numerosity.** Upon information and belief, millions of persons were issued Red Light Camera tickets between 2003 to present and paid the associated fine. As such, the Class consists of individuals so numerous that joinder of all members is impracticable. The <u>exact number</u> of persons in the Class (as well as their names, addresses and phone numbers) can be determined from Defendants' business records.

27.     **Common Questions of Law and Fact**.  The questions of law and fact are the <u>same</u> for all Class members, and such questions predominate over questions affecting Plaintiffs or other individual members, including, but not limited to:

   a.     Whether Defendants received ill-gotten gains in excess of $520 million through the payment by the Class of void Citations;

   b.     Whether the Vendor Defendants unjustly received revenues for performing Digital Image Verification services that constituted an unconstitutional delegation of police power.

   c.     Whether Defendants unjustly retained substantial benefits resulting from their ill-gotten gains;

   d.     Whether said retention of benefits constitutes a detriment to the class of plaintiffs asserted herein;

   e.     Whether or not Defendants' retention of the benefits violates the fundamental principles of justice, equity, and good conscience.

28.     **The Plaintiff's Claims are Typical of the Class.**  Plaintiff's claims are typical of the Class in that they all arise from Defendants' unjust retention of ill-gotten gains (revenue) secured through illegal and unconstitutional means.  All claims are based on the same facts and the same legal theories.  Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to this Plaintiff.

29.     **The Plaintiff Will Fairly and Adequately Protect the Class**.  Plaintiff will adequately represent and protect the interests of the Class because his interests in the litigation are not antagonistic to the interests of the other members of the Class, and Plaintiff has retained competent class counsel with years of experience in class action litigation.

30. The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the Class that would establish incompatible standards of conduct for Defendant.

31. The prosecution of separate actions by each member of the Class would also create a substantial risk of adjudication with respect to individual members of the Class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests.

32. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

33. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DECLARATION OF UNCONSTITUTIONALITY

34. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

35. Illinois municipalities, such as the City, are empowered by the Illinois Constitution to exercise a Police Power to determine whether persons within its jurisdiction have violated any of its ordinances.

36. It is unconstitutional for the City to delegate its Police Power to private entities or persons who, not being members of a law enforcement agency, are under no sworn duty to act in the public interest.

37. The Act permits municipalities, such as the City, to hire private contractors, such as the Vendor Defendants, to assist it in operating RLC systems. To the extent that the Act permits the City to entirely delegate the determination of whether any laws have been broken to private persons and entities and to eliminate any role for members of law enforcement agencies in such

7

decisions, the Act condones and permits an unconstitutional delegation of Police Power and is, itself, thereby unconstitutional.

38. This Court should, pursuant to 28 U.S.C., § 2201 and Fed.R.Civ.P. 57, (i) declare the provisions of the Act which permit private parties to determine that a violation of law has occurred without the involvement of any member of a law enforcement agency to constitute an unconstitutional delegation of Police Power and (ii) declare the Citations issued to members of the Class by reason of an unconstitutional delegation of Police Power void *ab initio*.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

39. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

40. Because each of the Citations to members of the Class was issued without the involvement of any member of a law enforcement agency and as a result of an unconstitutional delegation of Police Power to the vendor Defendants, all such Citations are void.

41. None of the Defendants are entitled to keep or maintain any monies paid to them, directly or indirectly, by members of the Class in response to the void Citations.

42. Defendants must each be required to disgorge any and all revenues, monies and profits received by them, directly or indirectly, from payments made by members of the Class in response to void Citations.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C., § 1983

43. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein.

44. The City's issuance to Plaintiff and the members of the Class of void Citations deprived them of their property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff, on behalf of himself and the Class of similarly situated individuals, respectfully requests that the Court grant the following relief:

A. An Order certifying the Class as defined above;

B. An Order appointing Plaintiff as the lawful and adequate representative of the Class;

C. An Order appointing undersigned counsel as counsel for the Class;

D. Judgment against Defendants for compensatory damages in excess of Twenty Five Thousand Dollars ($25,000.00) to Plaintiffs and the Class pursuant to Civ. R. 23(B)(3);

E. An Order against Defendants establishing a Constructive Trust into which all ill-gotten gains taken and withheld by Defendants secured by illegal means be disgorged;

F. An Order against Defendants for restitution to prevent unjust enrichment;

G. Judgment against Defendants for reasonable attorneys' fees, interest, and costs as permitted by law;

H. Any other or further relief which the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request trial by jury as to all issues in this case.

Dated: May 1, 2015

                                                                           Respectfully submitted,

                                                                           */s/ Thomas J. Connick*
                                              Thomas J. Connick, Esq. (0070527)
                                              Connick Law, LLC
                                              `25201 Chagrin Blvd - Suite 375`
                                              `Beachwood,Ohio 44122`
                                              `T: 216-364-0512`
                                              `Email:tconnick@connicklawllc.com`


                                              */s/ Edward W. Cochran*
                                              Edward W. Cochran, Esq. (0032942)
                                              20030 Marchmont Road
                                              Shaker Heights, Ohio 44122
                                              T: (216) 751-5546
                                              Email: edwardcochran@wowway.com


                                              */s/ Thomas C. Cronin*
                                              Thomas C. Cronin
                                              Leland W. Hutchinson
                                              Cronin & Co., Ltd.
                                              161 North Clark, Suite 2550
                                              Chicago, Illinois 60601
                                              Cook County No.: 37287
                                              T: (312) 201-7100
                                              Email: tcc@cronincoltd.com


                                              *Attorneys for Plaintiff*