**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW FALKNER, on behalf of Himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:14-cv-05459 |
| v. ) ) | Judge Amy J. St. Eve |
| CITY OF CHICAGO, REDFLEX TRAFFIC SYSTEMS, INC., REDFLEX HOLDINGS, LTD., XEROX STATE AND LOCAL SOLUTIONS, INC., and INTERNATIONAL BUSINESS MACHINES CORPORATION, ) ) ) ) ) ) ) | Magistrate Judge Mary M. Rowland |
| Defendants. ) | |

**DEFENDANT XEROX STATE AND LOCAL SOLUTIONS, INC.'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 1

LAW AND ARGUMENT .................................................................................................... 3

I.       Falkner Lacks Standing To Assert His Claims Against Xerox............................................ 3

II.      Falkner Also Fails To State Any Valid Claims. ................................................................. 6

        A.     625 ILCS 5/11-208.3(b)(3) is constitutional............................................................ 6

        B.     Falkner has not unjustly enriched Xerox—a claim barred by the voluntary payment doctrine in any event. .............................................................................. 10

              1.     Falkner has not alleged any detriment connected to the vendors' contractual payments. .................................................................................. 10

              2.     Falkner's unjust enrichment claim is also barred by the voluntary payment doctrine..................................................................................... 11

        C.     Falkner's § 1983 claim also fails. ...................................................................... 12

CONCLUSION................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**                                                                            **Page(s)**

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013) ...................................................................................................6

*Beary Landscaping, Inc. v. Costigan*,
    667 F.3d 947 (7th Cir. 2012) ...................................................................................................7

*Bell v. Am. Traffic Solutions, Inc.*,
    371 F. App'x 488 (5th Cir. 2010) ............................................................................................4

*Brownmark Films, LLC v. Comedy Partners*,
    682 F.3d 687 (7th Cir. 2012) ...................................................................................................9

*Cabral v. City of Evansville, Ind.*,
    759 F.3d 639 (7th Cir. 2014) ...................................................................................................3

*People ex rel. Chi. Dryer Co. v. City of Chicago*,
    413 Ill. 315 (1952) ...................................................................................................................8

*City & Cnty. of San Francisco, Calif. v. Sheehan*,
    135 S. Ct. 1765 (2015) ...........................................................................................................13

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) .................................................................................................10

*Conrad v. Nutramax Labs., Inc.*,
    No. 13 C 3780, 2013 WL 5288152 (N.D. Ill. Sept. 18, 2013) ..................................................4

*Davidson v. Worldwide Asset Purchasing, LLC*,
    914 F. Supp. 2d 918 (N.D. Ill. 2012) .......................................................................................4

*Davis v. Union Nat. Bank*,
    46 F.3d 24 (7th Cir. 1994) .....................................................................................................13

*E. St. Louis Fed'n of Teachers v. E. St. Louis Sch. Dist. No. 189*,
    178 Ill. 2d 399 (1997) ..............................................................................................................8

*Elizabeth River Crossings OPCO, LLC v. Meeks*,
    749 S.E.2d 176 (Va. 2013) ...................................................................................................8, 9

*Filarsky v. Delia*,
    132 S. Ct. 1657 (2012) ...........................................................................................................13

*Harris v. ChartOne*,
    362 Ill. App. 3d 878 (5th Dist. 2005) ....................................................................................11

*Hill v. Relyea*,
 34 Ill. 2d 552 (1966) ..................................................................................................8

*Hollingsworth v. Perry*,
 133 S. Ct. 2652 (2013)................................................................................................3

*Idris v. City of Chicago*,
 552 F.3d 564 (7th Cir. 2009) ....................................................................................13

*Initiative & Referendum Inst. v. Walker*,
 450 F.3d 1082 (10th Cir. 2006) ..................................................................................4

*Jadeja v. Redflex Traffic Sys., Inc.*,
 764 F. Supp. 2d 1192 (N.D. Cal. 2011) ......................................................................4

*Jones v. U-Haul Co. of Mass. & Ohio Inc.*,
 16 F. Supp. 3d 922 (S.D. Ohio 2014) .........................................................................7

*King v. First Capital Fin. Servs. Corp.*,
 215 Ill. 2d 1 (2005) ...................................................................................................12

*Kyle v. Morton High Sch.*,
 144 F.3d 448 (7th Cir. 1998) ....................................................................................12

*Leder v. Am. Traffic Solutions, Inc.*,
 No. 14-CV-103, 2015 WL 332136 (E.D.N.Y. Jan. 24, 2015) ..................................10

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)................................................................................................3, 4

*Mahon v. Ticor Title Ins. Co.*,
 683 F.3d 59 (2d Cir. 2012).........................................................................................4

*Mills v. City of Springfield, Mo.*,
 No. 2:10-CV-04036, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010) .........................5

*Napleton v. Vill. of Hinsdale*,
 229 Ill. 2d 296 (2008) .................................................................................................7

*Palmer v. City of Chicago*,
 755 F.2d 560 (7th Cir. 1985) ......................................................................................3

*Payton v. County of Kane*,
 308 F.3d 673 (7th Cir. 2002) ......................................................................................4

*Plumleigh v. City of Santa Ana*,
 754 F. Supp. 2d 1201 (C.D. Cal. 2010) ....................................................................11

*Randazzo v. Harris Bank Palatine, N.A.*,
   262 F.3d 663 (7th Cir. 2001) ..................................................................................................11

*Scott v. Edinburg*,
   346 F.3d 752 (7th Cir. 2003) ..................................................................................................12

*Spivey v. Adaptive Mktg. LLC*,
   622 F.3d 816 (7th Cir. 2010) ..................................................................................................12

*Stubbs v. City of Ctr. Point, Ala.*,
   988 F. Supp. 2d 1270 (N.D. Ala. 2013) ...................................................................................5

*Sudicky v. Allied Tube & Conduit*,
   No. 99 C 4113, 1999 WL 982422 (N.D. Ill. Oct. 22, 1999) ...................................................11

*Van Harken v. Chicago*,
   103 F.3d 1346 (7th Cir. 1997) .............................................................................................5, 13

*Van Harken v. City of Chicago*,
   305 Ill. App. 3d 972 (1st Dist. 1999) ....................................................................................5, 9

*Van Harken v. City of Chicago*,
   906 F. Supp. 1182 (N.D. Ill. 1995) ..........................................................................................5

*Verrando v. ACS State & Local Solutions, Inc.*,
   No. 3:08-CV-2241, 2009 WL 2958370 (N.D. Tex. Sept. 15, 2009) ........................................4

**Statutes & Ordinances**

625 ILCS 5/11-208.3 ......................................................................................................... *passim*

625 ILCS 5/11-208.6 ..................................................................................................................8

42 U.S.C. § 1983.................................................................................................................. *passim*

Chi. Ord. 9-100-010, 20, 50.....................................................................................................6, 8

Chi. Ord. 9-102-020....................................................................................................................6

**Rules**

Fed. R. Civ. P. 5.1......................................................................................................................7

Fed. R. Civ. P. 8.......................................................................................................................12

Fed. R. Civ. P. 12......................................................................................................................9

iv

## INTRODUCTION

This is the third complaint Matthew Falkner has filed challenging the City of Chicago's use of traffic cameras to enforce its red-light laws, although it is the first naming Xerox State and Local Solutions, Inc. as a party. And this is for good reason—Xerox had nothing to do with the ticket Chicago issued Falkner. As he pleads, Xerox did not begin providing traffic-camera equipment and related services to Chicago until October 2013, more than six months after Falkner's January 19, 2013 ticket.

Even if Xerox was involved when Falkner ran a red light, he still would not have standing to sue Xerox. The law does not protect his interest in avoiding a ticket. And his quarrel is with the City of Chicago and the State of Illinois, not the vendors they select. In fact, Falkner now offers even less to support a "fairly traceable" link to any of Chicago's vendors, abandoning the bribery theory that his two prior complaints asserted against Redflex.

Finally, Falkner's claims also fail on their merits. The statute does not delegate any legislative authority. There is nothing legislative about determining whether a picture is clear enough to show a car going through a light after it has turned red. Nor has Falkner adequately pleaded an unjust enrichment claim against Xerox: He has not attributed any wrongful conduct to Xerox, and conferred no benefit on Xerox. Falkner's § 1983 claim also fails because he has not alleged any due process violation.

The Court should thus dismiss Falkner's Second Amended Complaint, with prejudice.

## BACKGROUND

On January 19, 2013, just past 11:00 a.m., on S. Stony Island Avenue, Matthew Falkner's Nissan Infinity ran a red light. (*See* Compl., Ex. A.) Unfortunately for Falkner, the City of Chicago has a red light camera at that intersection which caught the act. Falkner did not contest the $100 civil fine, instead paying it in full. (*Id.* ¶ 6.) About a year and a half later, however,

Falkner sued Redflex Traffic Systems, Inc.—Chicago's former traffic-camera vendor—to recover the fine, despite not contesting that he ran the red light. (D.E. 1, ¶ 3.)

But he had no theory to recover from Redflex, and dismissed that complaint in response to Redflex's first motion to dismiss. In amending, he argued that Chicago unlawfully delegated its duties to Redflex under the Illinois law authorizing traffic cameras because a law enforcement officer's review was "totally perfunctory." (D.E. 30, ¶¶ 41-50.) Falkner quickly learned that Chicago and Redflex complied with the statute, so he argued in opposition that the statute itself is unconstitutional. (D.E. 42, at 4-9.)

The Court dismissed all of these theories. Falkner still failed adequately to allege any injury in fact that was fairly traceable to Redflex's actions. An alleged bribery of Chicago officials did not affect the $100 price of the ticket Falkner paid. (D.E. 46, at 6-7.) Nor could Falkner sue Redflex if his argument was that statute itself was unconstitutional, given that he had neither pleaded nor explained how Redflex played any role in its enactment. (*Id.* at 8-9.)

Falkner now abandons all of his theories related to Redflex's bribery and doubles down on his theory that the enabling legislation is unconstitutional, asking the Court to declare it so. (Compl. ¶¶ 34-38.) Based on that declaration, Falkner again asserts an unjust enrichment claim, and adds a one-paragraph § 1983 claim. (*Id.* ¶¶ 39-44.) Falkner also sued the other parties which touched Chicago's traffic-camera program since the 2003 start of his class period: the city itself, International Business Machines, Inc., which provides the secondary review required by the state, and Xerox, which took over from Redflex at the end of 2013. (*Id.* at 1, ¶¶ 9-10.)

For the reasons explained below, Falkner's claims should again be dismissed.

**LAW AND ARGUMENT**

**I.      Falkner Lacks Standing To Assert His Claims Against Xerox.**

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). To establish as much, a plaintiff must show that (1) he or she "has suffered an actual or imminent concrete and particularized 'injury in fact'; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cabral v. City of Evansville, Ind.*, 759 F.3d 639, 641-42 (7th Cir. 2014); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

At a minimum, Falkner lacks standing to sue Xerox because he was not issued a citation from Xerox. Even accepting Falkner's theory that he was somehow injured when he ran a red light and was ticketed, it is impossible for him to show that this injury is fairly traceable to Xerox's alleged conduct. Xerox's relationship with Chicago did not start until October 2013, and it did not fully take over from Redflex until February 2014. (Compl. ¶ 9.) Falkner alleges that he received his ticket on January 19, 2013 (although that was actually the date he ran the light). (*Id.* ¶ 6, Ex. A.) Xerox could not have done anything to cause Falkner's alleged injury.

And while Falkner seeks to represent a class of persons some of whom were ticketed after the transition to Xerox (*id.* ¶¶ 25-33), "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Hollingsworth*, 133 S. Ct. at 2663 (quotation omitted). Falkner thus must allege he "personally ha[s] been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Palmer v. City of Chicago*, 755 F.2d 560, 570 (7th Cir. 1985) (*quoting Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40

3

n.20 (1976)); *see also Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) (plaintiff cannot "piggy-back" off of unnamed class member injuries).[1]

Nor does Falkner otherwise have standing. First, Falkner does not allege "an invasion of a *legally protected* interest." *Lujan*, 504 U.S. at 560 (emphasis added). Falkner premises his claims solely on an alleged unconstitutional delegation of authority in 625 ILCS 5/11-208.3(b)(3). (Compl. ¶¶ 5, 34-38, 40, 44.) But Falkner still does not contest the validity of the ticket issued to him. He even dropped any argument that the fine was artificially inflated. So his claimed injury is that he ran a red light, and then received and paid a $100 civil fine.

No one has the right to break the law. *See Jadeja v. Redflex Traffic Sys., Inc.*, 764 F. Supp. 2d 1192, 1196 (N.D. Cal. 2011) ("Plaintiff . . . does not have a legally protected interest to break the law by running red lights."). Nor does "a person complaining that government action will make his criminal activity more difficult" have standing. *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006). These interests are "not 'legally protected.'" *Id. See also Bell v. Am. Traffic Solutions, Inc.*, 371 F. App'x 488, 489-90 (5th Cir. 2010) (holding that plaintiffs lacked standing to challenge traffic camera enforcement because plaintiffs' "interest in evading the law cannot create standing"); *Verrando v. ACS State & Local Solutions,*

---

[1] *Payton* sanctioned one exception to this rule, where a motion for class certification is pending and "all the defendants took part in a similar scheme that was sustained either by contract or conspiracy, or was mandated by a uniform state rule[.]" 308 F.3d at 679. *But see Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64-65 (2d Cir. 2012) (questioning whether *Payton* is consistent with Article III). This exception does not apply because Xerox and Redflex operated under two different contracts that each procured through different circumstances. *See Conrad v. Nutramax Labs., Inc.*, No. 13 C 3780, 2013 WL 5288152, at *2 (N.D. Ill. Sept. 18, 2013) (plaintiff had no standing to sue based on product he did not purchase). No motion for class certification is pending. And finally, there are only two defendants, not "101 defendants who would be impossible otherwise to reach." *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 923 (N.D. Ill. 2012) (holding *Payton* does not apply to only two defendants).

*Inc.*, No. 3:08-CV-2241, 2009 WL 2958370, at *3 (N.D. Tex. Sept. 15, 2009) (same). Thus, Falkner's complaint should be dismissed because he fails to allege an injury in fact.

Second, Falkner does not allege the vendors did anything to cause him injury. He now expressly pleads the argument he made in his last opposition brief—that "the Illinois statute itself violates the Illinois Constitution." (D.E. 46, at 8; Compl. ¶ 38.) The Court has already explained that Falkner's "shifting theory of liability . . . completely undermines his standing argument." (D.E. 46, at 8.) And while Falkner previously suggested Redflex's bribery might explain the statute's exemption for large cities and counties, he did not plead as much then. (*Id.* at 9.) Nor does he do so now. His speculation would not provide standing against Xerox, which had no part in the bribery scheme, in any event. In short, Falkner's complaint now confirms that he does not have any injury that is "fairly traceable" to Chicago's traffic-camera vendors.

Finally, to the extent Falkner seeks to challenge the administrative process under which he was issued a ticket—which he does not clearly allege—he is barred from doing so because he neglected to avail himself to that process. *See, e.g.*, *Van Harken v. City of Chicago*, 906 F. Supp. 1182, 1187 (N.D. Ill. 1995) *aff'd in part*, 103 F.3d 1346 (7th Cir. 1997) (holding that "persons who paid their tickets without availing themselves of an in-person or by-mail hearing" lacked standing to challenge that process);[2] *Stubbs v. City of Ctr. Point, Ala.*, 988 F. Supp. 2d 1270, 1277-78 (N.D. Ala. 2013) (same); *Mills v. City of Springfield, Mo.*, No. 2:10-CV-04036, 2010 WL 3526208, at *4 (W.D. Mo. Sept. 3, 2010) (same).

---

[2] The Seventh Circuit modified the dismissal with prejudice regarding the state constitutional claim so the plaintiff could assert it in state court. 103 F.3d at 1354. The Illinois Appellate Court eventually affirmed the dismissal of those claims in *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972 (1st Dist. 1999).

5

## II.     Falkner Also Fails To State Any Valid Claims.

Falkner seeks a declaration that 625 ILCS 5/11-208.3(b)(3) is unconstitutional, and brings claims for unjust enrichment and under 42 U.S.C. § 1983.  None of these counts states a claim as a matter of law.  *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("[A] complaint must be dismissed unless it contains a plausible claim.").

### A.     625 ILCS 5/11-208.3(b)(3) is constitutional.

Falkner's complaint is premised on the argument that 625 ILCS 5/11-208.3(b)(3) is an unconstitutional delegation of Chicago's "Police Power."  (Compl. ¶¶ 34-38.)  The statute requires large Illinois cities and counties, including Chicago, to have two levels of review for any potential red-light violation caught by a traffic camera—the initial vendor (here, Redflex and now Xerox), and a second, "fully-trained reviewing technician who is not employed by the contractor who employs the technician who made the initial determination" (here, IBM).  625 ILCS 5/11-208.3(b)(3).  If both reviewers agree that a violation has occurred, a "notice of violation" is mailed to the vehicle's registered owner.  Chi. Ord. 9-102-020(a), (d); 9-102-030 (Chapters 9-100 and 9-102 are attached as Exhibit A).  The notice of violation states that the registered owner must either contest the notice or pay a $100 civil fine.  Chi. Ord. 9-102-020(e); 9-100-020(a), (d); 9-100-050.  (*See* Compl., Ex. A.)

The registered owner is not finally liable, however, until he or she either pays the fine or fails to contest the violation by mail or at an administrative hearing.  625 ILCS 5/11-208.3(b)(7).  And Chicago has provided two chances for the registered owner, who under its ordinance is not finally liable until receiving two notices of violation and failing either to pay the fine or contest the violation in response.  Chi. Ord. 9-100-050.

Falkner does not identify whether he is suing under the Illinois or United States Constitution, or even what provisions of either constitution he believes these procedures offend.

6

He instead generally attacks it because it "permits municipalities, such as the City, to hire private contractors, such as the Vendor Defendants, to assist it in operating [red-light camera] systems." (Compl. ¶ 37.) Falkner claims that, "[o]n information and belief, no sworn member of any law enforcement agency played any role whatsoever in determining whether or not a Citation issued by the above described process to a Class member was the result of an action violation of law." (*Id.* ¶ 24.) Falkner's case is flawed in several respects.

To begin with, Falkner's argument is procedurally faulty—he has failed to file the notice required to be served on the State of Illinois with his constitutional challenge to its statute. Fed. R. Civ. P. 5.1(a)(1)(B) (requiring notice unless "state, one of its agencies, or one of its officers or employees in an official capacity" is a party). The Court should thus decline to reach the merits of the constitutional claim. *See Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 941 (S.D. Ohio 2014) ("Because Jones has not filed that notice, the Court will not consider Jones's constitutional arguments[.]").

But even if the Court forgives Falkner's lack of notice, his constitutional claim fails on the merits. Falkner's challenge appears to fall under the Illinois Constitution. *See Beary Landscaping, Inc. v. Costigan*, 667 F.3d 947, 950 (7th Cir. 2012) ("nothing in the Constitution prescribes the allocation of powers within state governments").[3] Under Illinois law, "[s]tatutes are presumed constitutional, and the burden of rebutting that presumption is on the party challenging the validity of the statute to clearly demonstrate a constitutional violation." *Napleton v. Vill. of Hinsdale*, 229 Ill. 2d 296, 306 (2008). Falkner cannot meet his burden.

---

[3] The only exception is that the United States Constitution "forbids [states] to authorize private persons to deprive other private persons of life, liberty, or property without due process of the law." *Beary Landscaping, Inc.*, 667 F.3d at 950. As explained below in Section II.C, there are no federal due process concerns at issue here.

7

"While the legislature cannot delegate its legislative power to determine what the law should be, it may delegate the authority to execute the law." *E. St. Louis Fed'n of Teachers v. E. St. Louis Sch. Dist. No. 189*, 178 Ill. 2d 399, 423 (1997). In other words, the legislature "may delegate to others the authority to do those things which the legislature might properly do, but cannot do as understandingly or advantageously." *Hill v. Relyea*, 34 Ill. 2d 552, 555 (1966).

This is precisely what the General Assembly did: It delegated to each municipality's "traffic compliance administrator" the authority to use traffic cameras to enforce red-light laws. 625 ILCS 5/11-208.3(b)(1). Chicago's traffic compliance administrator is its comptroller. Chi. Ord. 9-100-010(b). And the Generally Assembly set out comprehensive requirements for enforcing a rather black and white law—the prohibition on running red lights—using traffic cameras. *See* 625 ILCS 5/11-208.3 (outlining how violations shall be determined, noticed, heard, and appealed); 625 ILCS 5/11-208.6 (providing specific red-light camera requirements).

Tellingly, the only complaint Falkner is able to muster is that Redflex (now Xerox) and IBM performed the review of the violations that the cameras captured to determine whether a notice of violation should be sent based on the picture and video. (*See* Compl. ¶¶ 16-24.) But it is not unconstitutional for a local authority charged with executing the law to hire contractors to aid it in doing so. The problem with delegating legislative functions to private parties is that the "will" of "private persons whose interests may be, and often are, adverse to the interest of others similarly situated" is "thrust upon" them without "an official or official body, presumptively disinterested," reviewing the matter. *People ex rel. Chi. Dryer Co. v. City of Chicago*, 413 Ill. 315, 323 (1952).

In contrast, "a private entities' mere involvement with making regulatory decisions, falling below actual delegation of legislative power, is not itself unconstitutional." *Elizabeth*

8

*River Crossings OPCO, LLC v. Meeks*, 749 S.E.2d 176, 189 (Va. 2013). For example, the First District rejected a challenge to Chicago's use of a "purely private individual" to hear parking-ticket appeals. *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 979 (1st Dist. 1999). In fact, the Court found no separation of powers concern at all, noting that if anything the "argument presented by the plaintiffs raises a due process concern." *Id.* And the Court found that Chicago's appointment of private attorneys who were monitored by the city comported with due process. *Id.* Similarly, in *Meeks* the Virginia Supreme Court affirmed the constitutionality of a law that empowered a private entity to operate a toll road. 749 S.E.2d at 181, 192.

The conduct Falkner challenges—Xerox and IBM looking to confirm that picture and video shows a car passing an intersection when a light is red—is far from an exercise of "sovereign legislative power." Chicago is "solely responsible for determining the violation point," *i.e.*, when the camera is triggered to capture a potential violation. Xerox/Chicago Contract, at Ex. 1, § 4.f (relevant portions attached as Ex. B).[4] The definition of "Enforceable Image" is determined by the City. *Id.* § 1.1. The City also may inspect and accept or reject each camera installed by Xerox. *Id.* at Ex. 10, § 8. And Xerox and IBM have no incentive to miscode images. Each is paid a fee untethered to the number of violations that the traffic cameras capture. *Id.* at Ex. 2; IBM/Chicago Contract, Schedule C (relevant portions attached as Ex. C).

The "Digital Image Verification" process about which Falkner complains is thus limited to confirming the captured image clearly shows a vehicle running a red light and is not otherwise

---

[4] Falkner's complaint refers to these contracts, so the Court may consider them on this motion. *Brownmark Films, LLC v. Comedy Ptrs.*, 682 F.3d 687, 690 (7th Cir. 2012). Xerox has attached the contracts along with their relevant exhibits. The full versions are publicly available at https://webapps1.cityofchicago.org/VCSearchWeb/org/cityofchicago/vcsearch/controller/contracts/display.do?contractNumber=26598 [IBM]; https://webapps1.cityofchicago.org/VCSearchWeb/org/cityofchicago/vcsearch/controller/contracts/display.do?contractNumber=28635 [Xerox].

9

exempted—"e.g., determine whether the vehicle was either an authorized emergency vehicle or a vehicle lawfully participating in a funeral procession." Xerox/Chicago Contract § 1.1. These are administrative ministerial acts that Chicago may sensibly hire a contractor to perform.

Chicago's engagement of vendors to aid it in enforcing civil red-light violations is not a delegation of "sovereign legislative authority," so Falkner's complaint should be dismissed.

### B. Falkner has not unjustly enriched Xerox—a claim barred by the voluntary payment doctrine in any event.

Even if 625 ILCS § 5/11-208.3(b)(3) were constitutionally infirm, Falkner would not be entitled to unjust enrichment relief from Xerox. Xerox was not involved in Chicago's traffic-camera operation when he was ticketed. (*See* Compl. ¶¶ 6, 9.) Regardless, Falkner cannot state an unjust enrichment claim against any of Chicago's traffic-camera vendors.

#### *1. Falkner has not alleged any detriment connected to the vendors' contractual payments.*

"In Illinois, to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (quotation omitted). The plaintiff must also show "a connection between the detriment and the defendant's retention of the benefit." *Id.* at 519.

First, Falkner has not sufficiently alleged a detriment. He does not dispute that he ran the red light, and therefore is liable for the $100 civil fine. He does not claim he did not have an adequate ability to appeal the fine, and indeed did not even attempt to do so. *See Leder v. Am. Traffic Solutions, Inc.*, No. 14-CV-103, 2015 WL 332136, at *13 (E.D.N.Y. Jan. 24, 2015) (dismissing unjust enrichment claim where plaintiff "knowingly and voluntarily chose to pay the $65.00 fine without raising her objections to the ticket").

10

Second, Xerox's retention of its monthly fee does not violate principles of equity and good conscience. On the one hand, Falkner paid a civil fine for violating the law. And on the other, Xerox was paid for performing services requested of it by Chicago. Xerox has the better claim. *See Sudicky v. Allied Tube & Conduit*, No. 99 C 4113, 1999 WL 982422, at *2 (N.D. Ill. Oct. 22, 1999) ("It is not unjust for Sudicky to keep money to which he was entitled for work that he performed[.]").

Finally, there is no connection between Falkner's alleged detriment and Xerox's alleged benefit. Chicago pays Xerox a set monthly fee based on the number of cameras Xerox operates. Xerox/Chicago Contract, at Ex. 2. That fee would have had no relation to Falkner's ticket, and thus Falkner could not have enriched Xerox to his detriment. *See Plumleigh v. City of Santa Ana*, 754 F. Supp. 2d 1201, 1205 (C.D. Cal. 2010) (dismissing unjust enrichment claim because plaintiffs could not "establish a sufficient nexus to trace the fine that Plaintiffs paid to the City of Santa Ana to a benefit received by the Redflex Defendants").

        2.     *Falkner's unjust enrichment claim is also barred by the voluntary payment doctrine.*

"It has been a universally recognized rule that absent fraud, duress, or mistake of fact, money voluntarily paid on a claim of right to the payment cannot be recovered on the ground that the claim was illegal." *Harris v. ChartOne*, 362 Ill. App. 3d 878, 881 (5th Dist. 2005). *See also Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 668 (7th Cir. 2001) (same). Falkner's claim runs squarely into this doctrine.

"Plaintiff received a ticket as a result of the City of Chicago Red Light Camera System, was issued a fine and paid the fine." (Compl. ¶ 6.) Nowhere in Falkner's complaint does he allege there were any facts about which he was mistaken. Nowhere does he suggest the ticket was misleading, and a review of it shows that it is rather clear. (*See id.* at Ex. 1.) And nowhere

11

does he suggest that he was under duress. In fact, the ticket provided two different options for him to contest the fine. (*Id.*)

Falkner's complaint is instead clear that his unjust enrichment claim is based on a purported mistake of law—his argument that the ticket is illegal because the law authorizing it is unconstitutional. (*Id.* ¶¶ 14-24, 35-42.) The voluntary payment doctrine bars that claim. *See, e.g.*, *Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 821-24 (7th Cir. 2010) (doctrine barred claim where plaintiff "voluntarily paid credit card charges for HomeWorks in 2003, 2004, 2005, and 2006 and did not challenge any of the charges when they appeared"); *King v. First Capital Fin. Servs. Corp.*, 215 Ill. 2d 1, 33 (2005) (doctrine applied because "plaintiffs do not plead any facts in their complaints that might demonstrate that they were compelled to either pay the fee or forgo their loan transactions").

### C. Falkner's § 1983 claim also fails.

Falkner also throws up a one-paragraph § 1983 claim, alleging—in total—that "[t]he City's issuance to Plaintiff and the members of the Class of void Citations deprived them of their property without due process of law in violation of the Fourteenth Amendment to the United States Constitution." (Compl. ¶ 44.) Defendants are left to wonder whether Falkner is alleging substantive or procedural violations. Such pleading does not even meet pre-*Twombly/Iqbal* Rule 8 pleading standards. *See Kyle v. Morton High Sch.*, 144 F.3d 448, 456 (7th Cir. 1998) ("While plaintiffs make clear in their original complaint what their claims are, they fail to identify the grounds upon which their claims are based. This they must do, even under the liberal notice pleading of Rule 8(a).") (quotation omitted).

But re-pleading would not save this claim. Section 1983 is only available for violations of the United States Constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws").

12

The Seventh Circuit has already squarely rejected the claim that Chicago's red-light camera arrangement violates that document. *Idris v. City of Chicago*, 552 F.3d 564 (7th Cir. 2009). Judge Easterbrook labeled the plaintiffs' substantive-due-process claim a "dud" because it "depends on the existence of a fundamental liberty interest." *Id.* at 566. "[A]nd no one has a fundamental right to run a red light or avoid being seen by a camera on a public street." *Id.* The statute easily passed rational-basis review. *Id.* at 566-67. The court also quickly dispatched with the plaintiffs' procedural-due-process challenge, holding that "the procedures Chicago uses are functionally identical to those it uses to adjudicate parking tickets, a system sustained in *Van Harken v. Chicago*, 103 F.3d 1346 (7th Cir. 1997)." *Idris*, 552 F.3d at 568.

In any event, Falkner's claim is only asserted against Chicago. And if Xerox is even subject to § 1983, *see Davis v. Union Nat. Bank*, 46 F.3d 24, 25 (7th Cir. 1994) ("To state a § 1983 claim against a private actor, plaintiffs must show that the defendant invoked state authority in such a way that the defendant should be considered a state actor."), it would be entitled to qualified immunity, *see Filarsky v. Delia*, 132 S. Ct. 1657, 1667 (2012) (qualified immunity is available for private "individuals working for the government in pursuit of government objectives"). Given that the Seventh Circuit has sanctioned Chicago's traffic-camera arrangement, Falkner cannot show that Xerox violated any of his "clearly established" rights. *See City & Cnty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (holding a "clearly established" right means "that existing precedent . . . placed the statutory or constitutional question beyond debate") (quotation omitted).

## CONCLUSION

The Court should dismiss Falkner's Second Amended Complaint against Xerox, with prejudice. Not only does Falkner lack standing to assert any claims against Xerox, each of his claims fails on the merits as well.

13

Dated:  July 21, 2015    Respectfully submitted,

**XEROX STATE AND LOCAL SOLUTIONS, INC.**

By:      /s/ Katharine E. Heitman
One of Its Attorneys

Katharine E. Heitman
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois  60606-1901
Telephone:  (312) 416-6200
*kheitman@bakerlaw.com*

Chris Bator (No. 0038550)
Sam A. Camardo (No. 0089427)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio  44114-3485
Telephone:  (216) 621-0200
*cbator@bakerlaw.com*
*scamardo@bakerlaw.com*

*Attorneys for Defendant*
*Xerox State and Local Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Katharine E. Heitman, an attorney, certify that I caused a copy of the attached **DEFENDANT XEROX STATE AND LOCAL SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** to be filed electronically on July 21, 2015. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Katharine E. Heitman